UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

E.T. TRADING LTD.,

                Plaintiff,

    -against-

L2D2 ENTERPRISES INC. and
LAKSHMAN VISWANATHAN,

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

Civil Action No.: 1:16-cv-05071

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of Defendants' failure to pay Plaintiff for goods sold by Plaintiff to Defendants.

## THE PARTIES

2. Plaintiff, E.T. Trading Ltd. ("ET"), is a New Jersey corporation with a principal place of business located at 1955 Swarthmore Ave., Lakewood, New Jersey 08701.

3. Defendant L2D2 Enterprises Inc. ("L2D2") is a New York corporation with a principal place of business located at 37-18 Northern Blvd., Suite 405, Long Island City, New York 11101.

4. Upon information and belief, Defendant Lakshman Viswanathan ("Viswanathan") is a majority stockholder, officer and director of Defendant L2D2 and resides in the County of Queens.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1) in that the action is between citizens of different states and the amount in controversy is greater than $75,000.

6. Venue is proper in that the acts and circumstances giving rise to this claim occurred within this judicial district.

## THE PARTIES' INVOICES

7. Over the past six years, Plaintiff and Defendants have engaged in the purchase and sale of various electronic goods.

8. On some occasions, Plaintiff acquires goods from its suppliers and sells those goods to Defendants.

9. On other occasions, Defendants would procure the goods from a supplier not known to Plaintiff.

10. On these occasions, Defendants would invoice Plaintiff for the goods, which Plaintiff would pay for.

11. Thereafter, Plaintiff would sell the goods to Defendants for resale to a customer.

12. On or about March 10, 2016 Plaintiff wired L2D2 the sum of $648,000 in connection with an invoice from Defendant L2D2 for 900 iPhones (the "March 10 iPhones") that is attached hereto as Exhibit A.

13. Plaintiff then sold the March 10 iPhones to L2D2 for $655,200. A copy of Plaintiff's invoice to L2D2 reflecting that sale is annexed hereto as Exhibit B.

14. Upon information and belief, after receiving the $648,000 wire from Plaintiff, L2D2 purchased the March 10 iPhones on Plaintiff's behalf.

15. Upon information and belief, L2D2 accepted delivery of the March 10 iPhones without objection.

16. The agreed upon value of the March 10 iPhones, as stated in Plaintiff's invoice to L2D2, is $655,200.

17. Plaintiff's invoice for the March 10 iPhones required payment within 10 days.

18. Plaintiff has duly demanded payment from L2D2 for the March 10 iPhones.

19. L2D2 has failed and refused to pay Plaintiff the $655,200 for the March 10 iPhones.

20. On or about March 17, 2016, Plaintiff wired the sum of $271,000 to L2D2 in connection with an invoice from L2D2 for 440 iPhones (the "March 17 iPhones") that is attached hereto as Exhibit C.

21. Plaintiff then sold the March 17 iPhones to L2D2 for $275,400. A copy of Plaintiff's invoice to L2D2 reflecting that sale is attached hereto as Exhibit D.

22. Upon information and belief, after receiving the $271,000 wire from Plaintiff, L2D2 purchased the March 17 iPhones on Plaintiff's behalf.

23. Upon information and belief, L2D2 accepted delivery of the March 17 iPhones without objection.

24. The agreed upon value of the March 17 iPhones, as stated in Plaintiff's invoice to L2D2, is $275,400.

25. Plaintiff's invoice for the March 17 iPhones required payment within 10 days.

26. Plaintiff has duly demanded payment from L2D2 for the March 17 iPhones.

27. L2D2 has failed and refused to pay Plaintiff the $275,400 for the March 17 iPhones.

28. On or about March 24, 2016, Plaintiff sold to L2D2, at L2D2's specific request, 1,000 iPads (the "March 24 iPads") for $298,000, which L2D2 accepted without objection.

29. The agreed upon value of the March 24 iPads, as stated in the March 24 invoice, ("March 24 Invoice") is $298,000. A copy of the March 24 Invoice is attached hereto as Exhibit E.

30. The March 24 Invoice for the March 24 iPads required payment within 10 days.

31. Plaintiff has duly demanded payment from L2D2 for the March 24 iPads.

32. L2D2 has failed and refused to pay Plaintiff the $298,000 for the March 24 iPads.

33. Despite repeated efforts by Plaintiff to contact Defendants L2D2 and Viswanathan, Defendants Viswanathan and L2D2 did not answer any of Plaintiff's calls or electronic communications for many weeks.

34. After many weeks passed, during which Plaintiff did not receive any response from Defendants, Plaintiff contacted an industry wholesale B2B sales platform and informal trade association known as "Handelot", which provides a platform for the sale of mobile phones and consumer electronics.

35. Both Plaintiff and Defendants are known to Handelot.

36. An individual associated with Handelot wrote to Viswanathan, inquiring about the status of the transactions that are the subject of this case.

37. After receiving a communication from Handelot, Viswanathan contacted Plaintiff's principal, Emanuel Toporowitz ("Toporowitz").

38. Viswanathan advised Toporowitz that Defendants had in fact sold all of the iPhones and iPads, that the purchaser had refused to pay for the goods, and that L2D2 had filed an insurance claim in connection with such sales and failure to pay.

39. Plaintiff asked Defendants to identify the customer, and provide documentary evidence of the alleged sales and the alleged insurance claim filed by Defendant L2D2.

40. To date, none of the requested information has been provided by Defendants.

41. Upon information and belief, the course of events described by Viswanathan to Toporowitz regarding the alleged subsequent sale and insurance claim is false.

42. On or about June 1, 2016, Defendants paid Plaintiff $25,000 towards the $1,228,640 debt, leaving a balance due of $1,203,640.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT L2D2
### (Breach of Contract)

43. Plaintiff repeats and realleges the allegations of Paragraphs 1-41 of the Complaint as though more fully set forth herein.

44. Plaintiff sold and delivered iPhones and iPads worth $1,228,640 to L2D2 at L2D2's request, which L2D2 accepted, but has failed and refused to pay for such iPhones and iPads.

45. Plaintiff fully performed its obligations under the various invoices for the IPhones and IPads.

46. By failing to pay Plaintiff the agreed upon price for the iPhones and iPads as set force in the various invoices, L2D2 has breached its contracts with Plaintiff.

47. By reason of the foregoing, Plaintiff has been damaged in an amount to be proven at trial, but believed to be at least $1,203,640.

## SECOND CAUSE OF ACTION DEFENDANT L2D2
### (Account Stated)

48. Plaintiff repeats and realleges the allegations of Paragraphs 1-47 of the Complaint as though more fully set forth herein.

49. An account was taken and stated between Plaintiff and Defendants which showed a balance of $1,228,640 due and owing by Defendants to Plaintiff.

50. No part of the $1,228,640 other than $25,000 has been paid although duly demanded.

51. By reason of the foregoing, Plaintiff has been damaged in an amount to be proven at trial, but believed to be at least $1,203,640.

### THIRD CAUSE OF ACTION DEFENDANT L2D2
### (Conversion)

52. Plaintiff repeats and realleges the allegations of Paragraphs 1-51 of the Complaint as though more fully set forth herein.

53. Defendants converted the iPhones and iPads to their own use.

54. Consequently, Defendants are liable to Plaintiff in an amount to be proven at trial, but which is reasonably believed to be no less than $1,203,640.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANT VISWANATHAN
### (Alter Ego)

55. Plaintiff repeats and realleges the allegations of Paragraphs 1-54 of the Complaint as though more fully set forth herein.

56. Upon information and belief, during all relevant times herein, Defendant Viswanathan was the principal stockholder and chief operating officer of Defendant L2D2.

57. Upon information and belief, Defendant Viswanathan operated Defendant L2D2 as his alter ego and exercised complete dominion and control over the affairs of L2D2.

58. Upon information and belief, Defendant Viswanathan diverted assets of Defendant L2D2 to his own benefit in order to harm Plaintiff's rights as a creditor of Defendant L2D2.

59. As a result of the foregoing, Defendant Viswanathan is liable to Plaintiff for all breaches by Defendant L2D2 of the March 10 Invoice, March 17 Invoice and the March 24 Invoice.

60. As a result of the foregoing, Defendant Viswanathan is liable to Plaintiff for the conversion of Plaintiff's assets.

61. As a result of the foregoing, Viswanathan has been unjustly enriched by his actions.

62. As a result of the foregoing, Defendant Viswanathan is liable to Plaintiff for the account stated between Plaintiff and L2D2.

63. As a result of the foregoing, Defendant Viswanathan is indebted to Plaintiff in an amount to be proven at trial but which is reasonably believed to be no less than $1,203,640.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) On the First Cause of Action against Defendant L2D2, judgment in its favor in an amount to be proven at trial, but which is reasonably believed to be no less than $1,203,640 and pre- and post-judgment interest on the same;

(b) On the Second Cause of Action against Defendant L2D2, judgment in its favor in an amount to be proven at trial, but which is reasonably believed to be no less than $1,203,640 and pre- and post-judgment interest on the same; and

(c) On the Third Cause of Action against Defendant L2D2, judgment in its favor in an amount to be proven at trial, but which is reasonably believed to be no less than $1,203,640 and pre- and post-judgment interest on the same; and

(d) On the Fourth Cause of Action against Defendant Viswanathan, judgment in its favor in an amount to be proven at trial, but which is reasonably believed to be no less than $1,203,640 and pre- and post-judgment interest on the same; and

(e) Such other and further relief as the Court deems right and proper.

Dated: New York, New York
September 13, 2016

          KAMERMAN UNCYK SONIKER & KLEIN P.C.

By: _____
Hilton Soniker
1700 Broadway, 42nd Floor
New York, New York 10019
(212) 400-4930

*Attorneys for Plaintiff*